IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**SEGUN BOAZ ADEYEMI**, *et al.*,

    *Plaintiffs*,

v.

**PAMELA JO BONDI**, *et al.*,[1]

    *Defendants*.

Civil No.: 1:24-cv-02544-JRR

## MEMORANDUM AND ORDER

Pending now before the court is Defendants' Motion to Dismiss. (ECF No. 12; the "Motion.") Plaintiffs did not respond to the Motion. No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.  Background**[2]

*Pro se* Plaintiffs Segun Boas Adeyemi and Amber S. Rogers[3] initiated this action against Defendants Merrick B. Garland, as Attorney General of the United States, Alejandro Mayorkas, as Secretary of Homeland Security, Ur M. Jaddou, as Director of the United States Citizenship and Immigration Services ("USCIS"), and Greg Collet, as Director of the USCIS Baltimore Field Office on September 3, 2024, seeking adjudication of their "long-pending Applications to Register Permanent Residence or Adjust Status Form I-485." (ECF No. ¶ 1.) Plaintiffs filed the Form I-485 Application at issue on October 14, 2021, seemingly seeking lawful permanent resident status

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Madam Clerk shall substitute Pamela Jo Bondi for Merrick B. Garland, Kristi Noem for Alejandro Mayorkas, and Joseph B. Edlow for Ur Jaddou.
[2] With one exception discussed at greater length below, the court accepts as true all well-pled facts in set forth in the Complaint (ECF No. 1) in resolving the instant Motion. *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).
[3] Although it is not plainly stated, Plaintiffs appear to be married and residing in Glen Burnie, Maryland; Plaintiff Rogers is a citizen of the United States of America, and Plaintiff Adeyemi is a citizen of Nigeria. (ECF No. 1 ¶¶ 7–8, 20.)

for Plaintiff Adeyemi.  *Id.* ¶ 2.  As of the initiation of this action, they allege that their Form I-485 Application had not yet been adjudicated and that Defendants' delay "is unreasonable and has caused significant hardship to Plaintiffs."  *Id*.  *Id.* ¶¶ 2–4.  They assert a mandamus claim (Count II), as well as violation of the Administrative Procedure Act, 5 U.S.C. § 555 (Count I) on such basis.  *Id.* ¶¶ 29–37.  Plaintiffs ask the court to "[c]ompel Defendants to immediately adjudicate Plaintiffs' I-485 application[]."  *Id.* at p. 6.  On March 6, 2025, USCIS issued its Notice of Decision, denying the Form I-485 Application at issue.[4]  (ECF No. 12-2.)

On March 12, 2025, Defendants filed the instant Motion, asserting that this matter is not moot as Plaintiffs' Form I-485 Application has been adjudicated.  (ECF No. 12-1.)  Plaintiffs do not respond.

## II.     Legal Standard

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction."  *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction challenges may proceed as "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same).  Conversely, in a factual challenge, "the presumption of truthfulness

---

[4] As discussed at greater length below, the court may consider the Notice of Decision (ECF No. 12-2) in ruling on the instant Motion.

normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same). "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004)). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

Defendants assert a factual challenge to the court's subject matter jurisdiction, averring that the allegations set forth in Plaintiffs' Complaint have since changed, rendering this matter moot. The court thus considers the uncontroverted evidence offered in support of their Motion—the Notice of Decision on the Form I-485 Application at issue.

**III.    Analysis**

The Constitution extends the judicial power of Article III courts to "cases" or "controversies." U.S. CONST. ART. III, § 2, cl. 1. "The mootness doctrine is an important part of that limitation, preventing us from advising on legal questions when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Eden, LLC v. Just.*, 36 F.4th 166, 169–70 (4th Cir. 2022) (citation omitted). Indeed, "[f]ederal courts have no power to hear moot cases." *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 564 (4th Cir. 2024) (quoting *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006)). "A case or

controversy dissipates when it becomes moot; that is 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 288–89 (4th Cir. 2024) (quoting *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013)). An assessment of mootness thus "hinges on the type of relief sought." *Id.* The requirement that a party possess a cognizable interest in the outcome of the action to bring suit "extend[s] past the filing of the complaint,"—"an actual controversy" is required "at all stages of review." *Jonathan R. by Dixon v. Just.*, 41 F.4th 316, 325 (4th Cir. 2022) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997)).

Defendants seek dismissal of Plaintiffs' Complaint because the dispute has been rendered moot by adjudication of their Form I-485 Application. Plaintiffs do not oppose the Motion, thereby conceding the point. *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (explaining that a plaintiff "abandon[s]" her claim where she failed to respond to argument). Further, Defendants have provided the March 6, 2025, Notice of Decision demonstrating the adjudication of Plaintiffs' Form I-485 Application. (ECF No. 12-2.) Accordingly, based on the foregoing, and where Plaintiffs have received the very relief they seek, the case or controversy here has been rendered moot. The court will therefore grant the Motion and dismiss this action.

### IV. Conclusion and Order

For the reasons set forth herein, it is this 3rd day of October 2025,

**ORDERED** that the Motion shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Plaintiffs' Complaint shall be, and is hereby, **DISMISSED without prejudice**.

Madam Clerk shall **CLOSE** this case and transmit a copy of this order to Plaintiffs.

/S/

_____
Julie R. Rubin
United States District Judge